


**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

January 3, 2008

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08
```

**BY HAND DELIVERY**
Honorable Kevin N. Fox
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 540
New York, New York 10007-1312

Re: <u>Ra Ptah Taharoa Allen, et al. v. The New York City Police Department, et al.</u>,
07 CV 8682 (RPP) (KNF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of the New York City Police Department.[1] In that capacity, I write to respectfully request a sixty-day enlargement of time, from January 3, 2008, until March 3, 2008, within which the New York City Police Department may answer or otherwise respond to the complaint. I write directly to the Court because plaintiffs are proceeding *pro se* in this matter and we do not have telephone numbers for them. This is the first request for an enlargement of time.

The complaint alleges that plaintiffs were falsely arrested by New York City Police Officers on June 1, 2007. In addition to the New York City Police Department, plaintiffs name Police Officers Gonzalez, Ruiz, and "Guerrrero" as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office to forward to plaintiffs for execution authorizations for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrests and prosecutions of plaintiffs were sealed by court order upon the termination of the criminal action in favor of plaintiffs. Accordingly, City defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

*Application granted*
*[signature] 1/8/08*

---

[1] This case has been assigned to Assistant Corporation Counsel Brian Francolla, who is presently awaiting admission to the bar, and is handling this matter under supervision. Mr. Francolla may be reached directly at (212) 788-0988.

Moreover, we must ascertain whether the individually named officers have been served with the summons and complaint.[2] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each Officer. Each Officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the Officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Sarah B. Evans
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Ra Ptah Taharoa Allen (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029

Mr. Leonard Walters (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029

---

[2] Upon information and belief, Police Officers Gonzalez, Ruiz and "Guerrrero" have not been served with a copy of the summons and complaint in this action or requested representation from the Office of the Corporation Counsel, and therefore are not defendants in this action. Without making any representation on behalf of these individuals, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.