USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

FEB 25 2008
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

February 22, 2008

**BY HAND DELIVERY**
Honorable Robert P. Patterson
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007-1312

**MEMO ENDORSED**

    Re: <u>Ra Ptah Taharoa Allen, et al. v. The New York City Police Department, et al.</u>,
        07 CV 8682 (RPP) (KNF)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of the New York City Police Department.[1] I write further to this Office's letter to the Court dated January 3, 2008, in which City defendant requested and was granted an enlargement of time until March 3, 2008, within which to answer or otherwise respond to the complaint. City defendant initially requested an enlargement of time to afford us the opportunity to conduct an investigation into the facts of the case, investigate service of the complaint and to resolve representation issues. I write again to respectfully request a further enlargement of time for City defendant to answer or otherwise respond to the complaint. I write directly to the Court because plaintiffs are proceeding *pro se* in this matter and we do not have telephone numbers for them. This is the second request for an enlargement of time.

       The reason for this request is that Rule 11(b)(4) of the Federal Rules of Civil Procedure requires us to make a reasonable inquiry into the allegations contained in the

---

[1] Upon information and belief, Police Officers Gonzalez, Ruiz and Figuereo have not been served with a copy of the summons and complaint or requested legal representation from the Office of the Corporation Counsel, and therefore are not defendants in this action at this time. Additionally, pursuant to the Court's Order dated January 16, 2008, by letter dated February 1, 2008, defense counsel advised plaintiffs that, upon information and belief, Police Officers Julio Gonzalez, Shield #31228, and Vincent Ruiz, Shield #10766, are currently assigned to P.S.A. 5 and could be served at 221 East 123rd Street, New York, New York 10035, and that Police Officer Randys Figuereo, Shield #19407, is currently assigned to P.S.A. 8 and could be served at 2974 Randall Avenue, Bronx, New York 10465. Without making any representations on behalf of these officers, it is respectfully requested that, in the event service was properly executed, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

complaint before answering or otherwise responding. In an attempt to do so, by letter dated December 27, 2007, we requested signed authorizations from plaintiffs for the release of the underlying criminal records sealed pursuant to NYCPL § 160.50 (1)(d) for their arrests on June 1, 2007 and medical releases pursuant to HIPAA for any medical treatment received in connection with the incident alleged in the complaint.

Additionally, because we were not in receipt of signed releases from plaintiffs, on February 1, 2008, this Office wrote to plaintiffs to again request that they provide the requested releases by no later than February 11, 2008, to avoid Court intervention. To date, despite our requests, we have still not received the executed releases from plaintiffs.

As Your Honor is aware, defendant requires unsealing releases from plaintiffs in order to obtain any records that may exist concerning their June 1, 2007 arrests and prosecutions, including records from the New York City Police Department. Without the unsealing releases, we cannot investigate the circumstances surrounding the alleged incident and we are unable to obtain the underlying records. Moreover, as plaintiffs are claiming physical and/or psychological injuries in this case, City defendant respectfully submits that plaintiffs' medical records are wholly relevant in order to fully investigate the extent, nature and cause of their allegations. Accordingly, we respectfully request that the Court order plaintiffs to execute and return properly executed medical releases for any treatment (physical and/or psychological) received in connection with the alleged incident and unsealing releases for their June 1, 2007 arrests, by a date certain, so that we may obtain the underlying records and proceed with this litigation.

Additionally, as Your Honor may be aware, it generally takes more than 30 days to secure the underlying documents once a properly executed release is returned to this Office. Accordingly, should the Court grant the above request, we also respectfully request that the Court grant this Office thirty (30) days from receipt of the releases to obtain the relevant documents and submit an answer or otherwise respond to the complaint on behalf of defendant New York City Police Department.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation

cc: Mr. Ra Ptah Taharoa Allen (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029

*[Handwritten note:]* Application granted in part. Defendants shall have until 4/18/08 to file response to the complaint. So ordered. 2/25/08 [signed] David Patterson USDJ

Mr. Leonard Walters (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029