USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08




RECEIVED
APR - 9 2008
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

April 9, 2008

**BY HAND DELIVERY**
Honorable Robert P. Patterson
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007-1312

**MEMO ENDORSED**

Re: <u>Ra Ptah Taharoa Allen, et al. v. The New York City Police Department, et al.</u>,
07 CV 8682 (RPP) (KNF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of the New York City Police Department.[1] I write further to my ~~March 7,~~ *February 22,* 2008 letter to advise the Court of the status of this case, and respectfully request that the Court dismiss this action pursuant to Rule 41(b) for plaintiffs' failure to prosecute.

As Your Honor may recall, plaintiffs allege in this action that they were falsely arrested by New York City Police Officers on June 1, 2007. In addition to the New York City Police Department, plaintiffs name Police Officers Gonzalez, Ruiz, and Figuereo as defendants.

By letter dated January 3, 2008, defendant requested and was granted an enlargement of time until March 3, 2008 to answer or otherwise respond to the complaint. Defendant initially requested an enlargement of time, in part, in order to conduct an investigation into the facts of the case. In this regard, we explained to the Court that we were forwarding to plaintiffs for execution authorizations for the release of criminal and police records sealed pursuant to New York Criminal Procedure Law § 160.50. As Your Honor may be aware, pursuant to N.Y. C.P.L. § 160.50, all records concerning the arrests and prosecutions of plaintiffs were sealed by court order upon the termination of the criminal actions in favor of plaintiffs. As a result, without executed unsealing

---

[1] Upon information and belief, Police Officers Gonzalez, Ruiz and Figuereo have not been served with a copy of the summons and amended complaint or requested legal representation from the Office of the Corporation Counsel, and therefore are not defendants in this action at this time. Defendant respectfully submits that should any of these individuals be served in this action, that the arguments raised herein would be equally applicable to them.

MICROFILMED APR 11 2008 9 AM

Returned to chambers for scanning on 4-11-08
Scanned by chambers on _____

releases from plaintiffs, defendant is unable to obtain any police and criminal records that may exist concerning plaintiffs' June 1, 2007 arrests and prosecutions, including records from the New York City Police Department, and therefore, is unable to investigate the circumstances surrounding the incidents alleged in the complaint.

Because this Office was not in receipt of signed unsealing releases from plaintiffs, by letter dated February 22, 2008, defendant wrote to the Court to request a further enlargement of time to answer or otherwise respond to the complaint. At that time, we explained to the Court that by letters dated December 27, 2007 and February 1, 2008, we had mailed plaintiffs unsealing authorizations for execution, but that to date, despite our requests, plaintiffs had failed to return executed releases to this Office.[2] We respectfully requested that the Court order plaintiffs to return properly executed unsealing releases by a date certain so that we could obtain the records underlying their June 1, 2007 arrests and prosecutions, and grant defendant thirty (30) days from receipt of the releases to obtain the relevant documents and submit an answer or otherwise respond to the complaint. On February 25, 2008, Your Honor granted defendant an enlargement of time until April 18, 2008 to answer or otherwise respond to plaintiffs' complaint.

By letter dated March 27, 2008, this Office wrote to plaintiffs to again request that they complete unsealing releases concerning the arrests that are the subject of this lawsuit and return them to this Office by April 3, 2008 to avoid Court intervention.

Despite these numerous requests, I write to respectfully advise the Court that, to date, this Office is still not in receipt of executed unsealing releases from plaintiffs. Defendants respectfully submit to the Court that plaintiffs have failed to provide these releases and have not contacted defense counsel concerning same. As explained above, defendant requires unsealing releases from plaintiffs in order to obtain any records that may exist concerning their June 1, 2007 arrests and prosecutions. Accordingly, because plaintiffs have failed to provide defense counsel with the necessary authorizations required to enable City defendant to proceed in this action, we respectfully request that the Court dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiffs' failure to prosecute. See e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) (a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b)); Palmieri v. DeFaria, 88 F.3d 136, 140 (2d Cir. 1996) ("a District Court may dismiss a claim with prejudice for failure to prosecute"). Defendant respectfully submits that in light of plaintiffs' persistent failure to effectively respond to defendant's repeated requests for executed unsealing releases, dismissal is an appropriate remedy. Hyer v. City of New York, 05 Civ. 7728 (DLC), 2006 U.S. Dist. LEXIS 49688 at *6 (S.D.N.Y. 2006) (Court dismissed complaint when plaintiffs refused to submit executed releases to defendants pursuant to N.Y. CPL § 160.50); Perez v. City of New York, 02 CV 3670 (WK), 2003 U.S. Dist. LEXIS 7063 at *4-6 (S.D.N.Y. Apr. 10, 2003) (Court dismissed action when plaintiff failed to provide N.Y. CPL § 160.50 release necessary for defendant to answer the complaint).

Alternatively, should the Court decline to grant the above request, we respectfully request that the Court order plaintiffs, by a date certain, and on pain of dismissal, to execute and

---

[2] Defendant notes that we also mailed plaintiff medical releases for execution so that we could obtain plaintiffs' medical records for any medical treatment received in connection with the incidents alleged in the complaint. To date, plaintiffs have also not returned executed medical releases.

return to defendant unsealing releases for their June 1, 2007 arrests so that we may obtain the underlying records and proceed with this litigation. Because defense counsel is unable to comply with Rule 11(b)(4) of the Federal Rules of Civil Procedure without the unsealing releases, which requires us to make a reasonable inquiry into the allegations contained in the complaint before answering or otherwise responding, defendant also respectfully requests that the Court grant it forty-five (45) days from receipt of the releases to obtain the relevant documents and submit an answer or otherwise respond to the complaint.

In view of the foregoing, it is respectfully requested that the Court dismiss this action pursuant to Rule 41(b) for plaintiffs' failure to prosecute, or in the alternative, order plaintiffs to execute and return unsealing releases to defendant by a date certain on pain of dismissal and grant defendant forty-five days from receipt of properly executed releases to answer or otherwise respond to the amended complaint. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation

*SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED*

cc:   Mr. Ra Ptah Taharoa Allen (By mail)
      Plaintiff *Pro Se*
      1694 Madison Avenue, #14G
      New York, New York 10029

      Mr. Leonard Walters (By mail)
      Plaintiff *Pro Se*
      1694 Madison Avenue, #14G
      New York, New York 10029

*[Handwritten endorsement:]* Application granted in part. Plaintiffs are ordered to provide executed unsealing releases by April 24, 2008. Defendants are granted until June 2, 2008 to file responsive papers. If plaintiffs fail to provide defendants with executed unsealing releases by April 24, 2008, this action will be dismissed for failure to prosecute. So ordered. [signature] USDJ 4/8/08

Case:     Ra Ptah Taharqa Allen, et ano. v. NYC Police Dep't., et al.
Index No.  07 Civ. 8682 (RPP)


**MEMO ENDORSEMENT READS:**

*Application granted in part.*

*Plaintiffs are ordered to provide executed unsealing releases by April 24, 2008. Defendants are granted until June 2, 2008 to file responsive papers.*

*If plaintiffs fail to provide defendants with executed unsealing releases by April 24, 2008, this action will be dismissed for failure to prosecute.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 4/10/08*