



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel: (212) 788-0988
Fax: (212) 788-9776



July 30, 2008

**BY FACSIMILE: (212) 805-7917**
Honorable Robert P. Patterson
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08
```

      Re: Ra Ptah Taharka Allen, et al. v. The New York City Police Department, et al.,
          07 CV 8682 (RPP) (KNF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants the New York City Police Department, Police Officer Gonzalez and Police Officer Ruiz.[1] I write in opposition to plaintiffs' "Motion For Reconsideration For Default," dated June 30, 2008, and respectfully request that the Court deny same.

      In their "Motion For Reconsideration For Default," plaintiffs argue that (1) it was improper for the Court to deny their motion for default judgment against the New York City Corporation Counsel because it is a suable entity and that (2) it was improper for the Court to deny their motion for default judgment against Police Officer Ruiz because "no service is required on a party who is in default failing to appear."

      Defendants respectfully submit that plaintiffs' arguments are without merit, and that their motion for reconsideration should be denied because the Court's June 17, 2008 and June 24, 2008 decisions did not overlook factual matters or controlling law.

---

[1] According to the docket sheet, it appears that service was attempted but unexecuted as to the individual identified in the caption of the Amended Complaint as Police Officer Figuereo. Upon information and belief, Police Officer Figuereo has not been served with a copy of the summons and Amended Complaint or requested legal representation from the Office of the Corporation Counsel. Therefore, he is not a defendant in this action at this time.

Reconsideration of a Court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sees. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Reconsideration may be granted to correct clear error, prevent manifest injustice, or to review the Court's decision in light of the availability of new evidence. Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (denying reconsideration because movants failed to point to new factual matters or controlling law which the district court overlooked).

In the Second Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Local Civil Rule 6.3 must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues, to prevent the rule from being used as a substitute for appealing a final judgment, Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999), or to prevent the rule from being used as a vehicle for a plaintiff, who may be disappointed with the Court's ruling, to advance different theories that plaintiff failed to advance previously or to secure a rehearing on the merits with regard to issues already decided. Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

In this case, defendants respectfully submit that the Court's decision did not overlook factual matters or controlling law, and therefore, plaintiffs' motion for reconsideration should be denied.

Moreover, defendants respectfully submit that plaintiffs' motion for reconsideration should be denied on its merits. Defendants respectfully submit that plaintiffs' motion for reconsideration for default concerning the Office of the Corporation Counsel should be denied as futile since the New York City Corporation Counsel is a non-suable entity. See New York City Charter, Chapter 17, § 696; see also Hoffman v. City of New York, 97 CV 4284 (SJ), 1998 U.S. Dist. LEXIS 7459, at *1 (E.D.N.Y. Apr. 28, 1998) ("while Plaintiff has named the Corporation Counsel of the City of New York and the NYPD as defendants in this action, both are agencies of the City of New York and as such they are not suable entities."). Accordingly, even though plaintiffs have named the New York City Corporation Counsel as a defendant in this action, defendants submit that plaintiffs' claims against this entity are subject to dismissal as a matter of law, and therefore plaintiffs' motion for reconsideration for default concerning this entity is futile.

Additionally, plaintiffs move for reconsideration on the Court's decision to deny their motion for default against Officer Ruiz. Plaintiffs contend that because Officer Ruiz was in default, service of their motion on him or his attorney was not required under the Federal Rules of Civil Procedure, and therefore the Court improperly denied their motion for default judgment against him. Defendants respectfully submit that the Court's decision was proper and well-grounded in law, and that plaintiffs' arguments in their motion for reconsideration fail. First, defendants respectfully note that at no point in time was a default judgment or order formally entered by the Court in this case concerning any named defendant. Second, defendants respectfully submit that in accordance with Local Rule 6.1(b)(1), plaintiffs were required to serve their motion for a default judgment on Police Officer Ruiz or defense counsel's Office.

Because plaintiffs failed to properly serve their motion for default judgment, the Court properly denied it.

Finally, as a practical matter, defendants respectfully submit an answer was filed on behalf of Police Officer Ruiz, and therefore plaintiffs' motion should be denied as moot. On June 17, 2008, plaintiffs filed an affidavit of service with the Court, which purported to indicate that Police Officer Ruiz had been served with a copy of the summons and Amended Complaint in this action on or about April 21, 2008. In light of plaintiffs' filing, defense counsel immediately investigated service of the Amended Complaint on Police Officer Ruiz, resolved representation issues pursuant to General Municipal Law Section 50-k, and served and filed an answer to the Amended Complaint on Police Officer Ruiz's behalf on June 27, 2008. Defense counsel respectfully submits that before plaintiffs' June 17, 2008 filing, there was no notation on the docket sheet that Officer Ruiz had been served and, upon information and belief, Officer Ruiz had not requested representation from the Office of the Corporation Counsel.

Defendants further submit that the granting of a default judgment against Officer Ruiz is not warranted under the circumstances of this case. In this regard, the failure to timely respond to the complaint on behalf of Officer Ruiz was not willful or deliberate, the delay does not prejudice plaintiffs, and Officer Ruiz has meritorious defenses in this case. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (Courts consider three factors in determining whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.").

Accordingly, defendants respectfully request that the Court deny plaintiffs' Motion for Reconsideration of Default concerning Police Officer Ruiz.

Finally, plaintiffs' motion for reconsideration for default concerning the Office of the Corporation Counsel should be denied as procedurally time-barred pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. To be timely under the Federal Rules, a motion for reconsideration *must be filed* within 10 days after entry of the judgment, and in this case, on or before June 27, 2008. This time limitation is uncompromisable, for Rule 6(b) of the Federal Rules of Civil Procedure provides, pertinent part, that the district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e)." See Fed. R. Civ. P Rule 6(b).

Defendants submit that although *pro se* litigants are generally afforded latitude in pleadings, they "generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 9 (2d Cir. 1995); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (suggesting that procedural rules in ordinary civil litigation should not be "interpreted so as to excuse mistakes by those who proceed without counsel"); Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se."). Accordingly, defendants respectfully request that the Court deny plaintiffs' motion for reconsideration for default concerning the Office of the Corporation Counsel on the grounds that it is procedurally time-barred.

In view of the foregoing, it is respectfully requested that the Court deny plaintiffs' "Motion For Reconsideration For Default." Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation

cc: Mr. Ra Ptah Taharka Allen (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029

Mr. Leonard Walters (By mail)
Plaintiff *Pro Se*
1694 Madison Avenue, #14G
New York, New York 10029

SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED

Application granted. Plaintiffs' motion for Reconsideration For Default against the New York City Corporation Counsel and against Police Officer Ruiz is denied. The Court did not overlook any factual matters or controlling law. Plaintiffs are directed to consult with the pro se office of this court before bringing any further motions.

So ordered
Robert P Patterson
USDJ
August 4, 2008.

Case:      Ra Ptah Taharqa Allen, et ano. v. NYC Police Dep't., et al.
Index No.  07 Civ. 8682 (RPP)

**MEMO ENDORSEMENT READS:**

*Application granted.*

*Plaintiffs' motion for Reconsideration for Default against the New York City Corporation Counsel and against Police Officer Ruiz is denied. The Court did not overlook any factual matters or controlling law. Plaintiffs are directed to consult with the Pro Se Office of this Court before bringing any further motions.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 8/4/08*